# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2022

Lyle W. Cayce
Clerk

No. 20-50129
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BAMEYI KELVIN OMALE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-78-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Bameyi Kelvin Omale pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). Omale's guidelines range was based on an intended loss amount that exceeded $9.5

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50129

million. *See* U.S.S.G. § 2B1.1(b)(1)(K). The district court sentenced Omale within the guidelines range to 135 months of imprisonment. Omale appealed.

Omale argues that the district court erred in calculating the loss amount under § 2B1.1(b)(1). According to Omale, there is insufficient evidence in the record to hold him accountable for the entire $10,032,381.52 in intended losses through relevant conduct. The factual findings made in support of a district court's loss calculation are reviewed for clear error. *United States v. Simpson*, 741 F.3d 539, 556 (5th Cir. 2014).

The district court did not clearly err in holding Omale accountable for an intended loss exceeding $9.5 million. *See* § 2B1.1(b)(1)(K). The presentence report (PSR) described how Omale and his coconspirators attempted to launder $10,032,381.52 in proceeds from business email compromise scams and romance fraud scams. The PSR noted that there were numerous text messages between Omale and his coconspirator Joseph Odibobhahemen where the two men coordinated the movement of the proceeds collected from the scams. Further, the PSR described how Omale obtained account information from others involved in the conspiracy and deposited fraud proceeds into those accounts. He also participated in the conspiracy by personally opening fraudulent bank accounts to collect proceeds using various aliases.

The Government's sentencing memorandum, which the district court relied on at sentencing, also shows that Omale was an active participant in the conspiracy. *See United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991). Screen shots of Omale's text messages included in the memorandum, showed Omale and Odibobhahemen working together to create a falsified invoice for $105,454.65 to be used in a business email compromise scam. At the end of the text exchange, Omale shares a screen shot of a fraudulent bank account under his control receiving $105,454.65 in proceeds.

2

No. 20-50129

Omale correctly states that Odibobhahemen "was an organizer of many fraudulent schemes," then suggests that the district court's loss calculation may have included fraud proceeds laundered as part of Odibobhahemen's other schemes that did not involve Omale, but there is no evidence in the record to support this suggestion. The indictment, factual basis, and PSR all support a single money laundering scheme jointly undertaken by Omale and his coconspirators. *See* U.S.S.G. § 1B1.3(a)(1)(B).

Omale further argues that because "the record does not tie all of the claimed loss amounts to specific dates," it is "entirely possible" that some of the funds were laundered before Omale joined the conspiracy." He compares his case to this court's decision in *United States v. Longstreet*, 603 F.3d 273 (5th Cir. 2010). Unlike *Longstreet*, however, Omale did not join a conspiracy already in progress. *See id*. at 278. Instead, Omale and his coconspirators "began" laundering the proceeds from their scams "sometime before November 2016." Thus, as the PSR indicates, he was one of the initial members of the conspiracy, and there is no indication that he was held accountable for funds laundered prior to his joining the conspiracy.

AFFIRMED.